IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DANIJELA MOJSILOVIC, and <br> (2) ALEKSANDAR MOJSILOVIC, <br><br> PLAINTIFFS, <br><br> vs. <br><br> (1) STATE OF OKLAHOMA ex rel. THE <br> BOARD OF REGENTS FOR THE <br> UNIVERSITY OF OKLAHOMA; <br> (2) PURE PROTEIN, LLC., a domestic <br> limited liability company, and <br> (3) WILLIAM HILDEBRAND, an individual. <br><br> DEFENDANTS. | CASE NO. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Danijela Mojsilovic and Aleksandar Mojsilovic, for their cause of action against the above-named Defendants, state:

## PARTIES

1. Plaintiffs, Danijela Mojsilovic and Aleksandar Mojsilovic, are Serbian scientists recruited and hired by Defendant State of Oklahoma ex rel. The Board of Regents for the University of Oklahoma to serve as research assistants in the Health Sciences Center medical research laboratory performing tissue culture and DNA sequencing.

2. At all times relevant, Plaintiffs were residents of the State of Oklahoma and employees of the Defendants.

3. Defendant State of Oklahoma ex rel. The Board of Regents for the University of Oklahoma ("University") is an Oklahoma constitutional agency that conducts business in this judicial district.

4. Defendant, Dr. William Hildebrand ("Hildebrand") is a resident of the State of Oklahoma. Defendant Hildebrand is also the director of the medical research laboratory at the Defendant University's Health Sciences Center, and the owner, operator and CEO of Defendant Pure Protein L.L.C.

5. Defendant, Pure Protein L.L.C. ("Pure Protein"), is a domestic limited liability company conducting business in this judicial district.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216 (FLSA), 18 U.S.C. § 1595 (TVPRA) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related claims under Oklahoma law.

7 Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Oklahoma and all parties are subject to personal jurisdiction within the Western District of Oklahoma.

## GENERAL ALLEGATIONS

8. Plaintiffs bring this action to recover damages, including unpaid regular and overtime wages, liquidated damages, attorney fees and costs under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b)

and its implementing regulations, 29 C.F.R. §§ 785.14-17 (collectively, the "FLSA"); the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, *et seq.*, and for compensatory and emotional distress damages.

9. At all times relevant to this complaint, Defendants University, Pure Protein, and Hildebrand were engaged in commerce within the meaning of the FLSA. In addition, Defendants Pure Protein and University each have annual gross volumes of sales made or business done far in excess of $500,000.

10. Plaintiffs were employees of Defendants University, Pure Protein and Hildebrand within the meaning of the FLSA.

11. Plaintiffs were employed by Defendants University, Pure Protein and Hildebrand during all or part of the last eight years.

12. Plaintiff Danijela Mojsilovic began working for Defendant University in January, 2007 on the Optional Practical Training Visa program, was retained for employment through the H1B Visa program in May, 2007, and continued working until June, 2014.

13. Plaintiff Aleksandar Mojsilovic began working for Defendant University in October, 2006 on the Optional Practical Training Visa program, was retained for employment through the H1B Visa program in August, 2007, and continued working until June, 2014.

14. Defendant Hildebrand, at all times relevant, was the director of the medical research laboratory at the Defendant University's Health Sciences Center where Plaintiffs

were employed. Defendant Hildebrand supervised and controlled all aspects of Plaintiffs' work in the laboratory for Defendant University.

15. In addition to his position as the director of the laboratory at Defendant University's Health Sciences Center, Defendant Hildebrand was owner and operator of Defendant Pure Protein, a biotechnology company. Defendant Pure Protein contracts with Defendant University to use its facilities to create Class I and Class II transfectants, and for typing and tissue matching for transplant donors and patients through grants provided by third parties.

16. Plaintiffs were hired by Defendant University through the Optional Training Visa Program. Plaintiff Aleksandar Mojsilovic was hired to conduct DNA sequencing and tissue typing for research and clinical studies. Plaintiff Danijela Mojsilovic was hired to make transfectants and tissue cultures. Both Plaintiffs were hired to work in Defendant University's Health Sciences medical research laboratory under the direction of Defendant Hildebrand.

17. Shortly after beginning work for Defendant University, Defendant Hildebrand, owner and operator of Defendant Pure Protein, demanded that Plaintiffs, in addition to their work in Defendant University's laboratory, also complete work for Defendant Pure Protein.

18. Despite his express promises otherwise, Defendant Hildebrand did not ensure Plaintiffs were paid for the majority of the work he demanded they do for his private business, Defendant Pure Protein.

19. Plaintiffs' employment contracts with Defendant University under the H1B program were initially limited to thirty-two (32) hours per week and were increased to forty (40) hours on or about January, 2008.

20. The hours of work that Defendant Pure Protein and Defendant Hildebrand demanded Plaintiffs complete, were hours in excess of those contracted for by Defendant University.

21. Because Defendant Hildebrand required Plaintiffs to work for both Defendant University and Defendant Pure Protein, Plaintiffs worked far in excess of forty (40) hours per week.

22. The relationship between the Defendants, relative to Plaintiffs' employment, was such that they are properly characterized as Joint Employers for purposes of the FLSA.

23. Defendant Hildebrand supervised Plaintiffs as owner of his personal company, Defendant Pure Protein, and also as the director of medical research for Defendant University.

24. Defendant Hildebrand, an employee of Defendant University and subject to its control, acted in the scope of his employment as Plaintiffs' supervisor in the laboratory. Defendant Hildebrand used his role as laboratory director to condition Plaintiffs' continued employment for Defendant University, on their completion of work, without pay, for Defendant Pure Protein.

25. All work Defendant Hildebrand required Plaintiffs complete, both for Defendant University and Defendant Pure Protein, took place on the premises of Defendant University and utilized equipment belonging to Defendant University.

26. Further, Defendant Hildebrand, as an employee of Defendant University, had the ability to exercise almost complete control over Plaintiffs' employment terms and conditions, and he was authorized to fire, hire or modify the employment conditions of the Plaintiffs.

27. Defendant Hildebrand used his role as the supervisor of Plaintiffs' work for Defendant University, to force Plaintiffs to work for Defendant Hildebrand and Defendant Pure Protein, or to face deportation upon threat of termination.

28. Defendants knew or should have known that Plaintiffs were entitled to be paid for all the hours Plaintiffs worked and were further entitled to overtime wages for those hours worked in excess of forty (40) hours per week.

29. When Plaintiffs expressed their concerns to Defendant Hildebrand about not being paid for all hours worked, both in his capacity as the director of the laboratory on behalf of Defendant University and as the owner and operator of Defendant Pure Protein, Defendant Hildebrand became verbally abusive and threatened Plaintiffs that he would take action to effectuate their deportation or revocation of their work visas.

30. On one occasion, Plaintiffs were preparing to travel for the holidays and were taking time away from the laboratory while it was scheduled to be closed. Defendant Hildebrand called Plaintiff Danijela Mojsilovic and demanded she and Plaintiff Aleksandar Mojsilovic cancel their plans and instead report to the laboratory to work. When she protested, explaining they had holiday plans to travel, Defendant Hildebrand stated he "would call immigration" and stated further that she and Aleksandar "were on a plane to Serbia if they are not in the lab the next morning." Repeatedly throughout Plaintiffs'

6

employment, Defendant Hildebrand made similar threats of this nature. On numerous other occasions throughout Plaintiffs' tenure Defendant Hildebrand required Plaintiffs to take over and complete work, without pay, that was assigned to other Defendant University or Defendant Pure Protein employees. When Plaintiffs inquired as to why they were not being paid for the work, Defendant Hildebrand responded by telling them that if they did not do what they were told without complaining, he would contact immigration and have them sent back to Serbia.

31. Because Defendant Hildebrand, as the director of Defendant University's medical research laboratory, was responsible for assisting Plaintiffs with their required immigration paperwork to remain in the United States under the H1B program, Plaintiffs reasonably feared that Defendant Hildebrand would take action against their immigration status if they did not complete the work Defendant Hildebrand required without pay and without protest. In addition, Defendant Hildebrand used his position as a potential Green Card sponsor to force Plaintiffs to continue to work without pay.

## COUNT I: FLSA – FAILURE TO PAY OVERTIME

### (All Defendants)

32. Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further allege and state as follows:

33. Defendants University, Pure Protein and Hildebrand have violated the FLSA by failing to pay overtime wages to the Plaintiffs for the time they have worked beyond forty (40) hours per week.

34. Defendants University, Pure Protein and Hildebrand knew or should have known that they were required to pay overtime wages to the Plaintiffs for the time they have worked beyond forty (40) hours per week.

35. Defendants University, Pure Protein and Hildebrand jointly controlled all aspects of Plaintiffs' employment by virtue of Defendant Hildebrand's supervision of their work as the owner of Defendant Pure Protein and as the director of Defendant University's medical research laboratory.

36. Defendant Hildebrand, acted within the scope of his employment as the director of Defendant University's medical research laboratory, when he required Plaintiffs to work beyond forty (40) hours per week without paying them for all hours worked. Defendant Hildebrand, in his capacity as the director of the laboratory and the owner of Defendant Pure Protein, used his control over Plaintiffs' employment to threaten them with termination and resulting deportation if they did not complete the work he demanded they complete without pay.

37. Defendant University, Pure Protein and Hildebrand's failure to pay overtime wages to Plaintiffs for the time they worked beyond forty (40) hours per week was willful.

38. Plaintiffs are entitled to recover damages under the FLSA equal to one-and-one-half times their regular rate of pay for all hours for which they were not otherwise paid, plus an equal amount in liquidated damages.

39. Plaintiffs request a money judgment against Defendants University, Pure Protein and Hildebrand in the amounts due them for overtime pay and liquidated damages, and such other and further relief as the Court deems just and proper.

## COUNT II: TVPRA- FORCED LABOR

### (All Defendants)

40. Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further allege and state as follows:

41. The forced labor provision of the TVPRA, 18 U.S.C. § 1589, makes it unlawful to knowingly provide or obtain the labor or services of a person by any one of, or by any combination of, the following means:

(1) by means of force, threats of force, physical restraint, or threats of physical restraint to that or another person;

(2) by means of serious harm or threats of serious harm to that person or to another person;

(3) by means of the abuse or threatened abuse of law or legal process; or

(4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint. 18 U.S.C. § 1589.

42. Defendants University, Pure Protein and Hildebrand knowingly participated in procuring the continued employment of, and provision of services by, Plaintiffs for Defendants' benefit.

43. Defendants University, Pure Protein and Hildebrand used verbal abuse, withholding of pay and threats of deportation and other immigration action for the pecuniary purpose of inducing Plaintiffs to continue working without pay in violation of the FLSA, the TVPRA, and depriving Plaintiffs of legal claims they have.

44. The aforementioned verbal abuse, withholding of pay and threats of deportation and other immigration action constituted a scheme, plan or pattern intended to cause the Plaintiffs to believe that if they did not perform the research and associated labor, they would suffer serious harm, including deportation.

45. As a result of Defendants University, Pure Protein and Hildebrand's misconduct, Plaintiffs have suffered injuries, including unpaid wages, emotional distress, and other compensatory damages.

46. Pursuant to 18 U.S.C. § 1595, Plaintiffs are entitled to bring a civil action and recover damages and reasonable attorney's fees for Defendants University, Pure Protein and Hildebrand's wrongful conduct.

## COUNT III: TVPRA- TRAFFICKING INTO SERVITUDE

### (All Defendants)

47. Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further allege and state as follows:

48. The trafficking into servitude provision of the TVPRA, 18 U.S.C. § 1590, prohibits the recruiting, harboring, transporting, providing, or obtaining by any means any person for labor or services in violation of laws prohibiting slavery, involuntary servitude, debt bondage or forced labor.

49. The statute further makes it illegal to obstruct or attempt to obstruct, or in any way interfere with or prevent the enforcement of this section.

50. Defendants University, Pure Protein and Hildebrand recruited, harbored, transported, provided and obtained the labor and services of Plaintiffs through involuntary servitude and forced labor.

51. Defendants University, Pure Protein and Hildebrand achieved this through verbal abuse, withholding of pay and threats of deportation and other immigration action.

52. Plaintiffs reasonably feared losing all of their pay and being deported if they did not do the work required since Defendants University, Pure Protein and Hildebrand had control over their employment and wages and had the ability to influence their status as immigrant workers.

53. As a result, Plaintiffs have suffered injuries including unpaid wages, emotional distress, and other compensatory damages.

54. Pursuant to 18 U.S.C. § 1595, Plaintiffs are entitled to bring a civil action and recover damages and reasonable attorney fees, for Defendants University, Pure Protein and Hildebrand's wrongful conduct under this statute.

### COUNT IV: OKLAHOMA PROTECTION OF LABOR ACT – FAILURE TO PAY WAGES TIMELY

**(All Defendants)**

55. Plaintiffs incorporate herein by reference all of the allegations heretofore made, and further allege and state as follows:

56. Defendants University, Pure Protein and Hildebrand have violated and continue to violate the Oklahoma Protection of Labor Act, 40 O.S. §§ 165. 1, *et seq.* (the

"OPLA"), by failing to timely pay wages to the Plaintiffs for the hours they worked but were not paid for.

57. Section 165.2 of the OPLA requires employees to be paid, no less than twice per month, for all hours worked in a time period.

58. Plaintiffs are entitled to recover damages under the OPLA equal to the amount of wages Defendants University, Pure Protein and Hildebrand have not timely paid, together with liquidated damages as determined under the OPLA.

59. Plaintiffs bring this action under the OPLA to recover the wages due and not timely paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants University, Pure Protein and Hildebrand for damages, declaratory and injunctive relief, liquidated damages, compensatory damages, including emotional distress, interest, attorney fees, costs and all other relief that is appropriate.

Respectfully submitted,

s/ George S. Freedman
George S. Freedman, OBA No. 15764
Sarah Rowe Clutts, OBA No. 31208
LESTER, LOVING & DAVIES, P.C.
1701 South Kelly Avenue
Edmond, Oklahoma 73013-3623
(405) 844-9900 - Telephone
(405) 844-9958 – Fax
gfreedman@lldlaw.com
sclutts@lldlaw.com
**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEY'S LIEN CLAIMED**