**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) DANIJELA MOJSILOVIC and <br> (2) ALEKSANDAR MOJSILOVIC, <br><br> Plaintiffs, <br><br> vs. <br><br> (1) STATE OF OKLAHOMA *ex rel.* THE BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA; (2) PURE PROTEIN, LLC, a domestic limited liability company, and (3) WILLIAM HILDEBRAND, an individual, <br><br> Defendants. | Case No.  CIV-14-886-R |

**DEFENDANT WILLIAM HILDEBRAND'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant William Hildebrand ("Hildebrand") moves to dismiss Plaintiffs' Complaint against him for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. Since any amendment would be futile under the theories and relief sought in the Complaint, Hildebrand respectfully requests that dismissal be with prejudice to amendment or refiling. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). In support of his motion, Hildebrand submits the following statement of facts and brief in support:

**STATEMENT OF THE CASE**[1]

Plaintiffs' Complaint has the unique distinction of failing to state a claim against Hildebrand both factually and legally. As an initial matter, Hildebrand is entitled to Eleventh Amendment immunity from Plaintiffs' claims, thereby removing subject matter jurisdiction. In their own words, Plaintiffs state Hildebrand "<u>at all times relevant</u>, was the director of the medical research laboratory at the Defendant <u>University [of Oklahoma]</u>'s Health Sciences Center." (Compl. ¶ 14) (emphasis added). Because Plaintiffs have requested monetary damages, any claim against the State or an "arm" or agency of the State is barred by the Eleventh Amendment. As an arm of the State, the Board of Regents for the University of Oklahoma is immune from Plaintiffs' claims for damages. As a consequence, Hildebrand, acting within his scope of employment as director for the University's medical research laboratory, is also entitled to such immunity.

Second, assuming Hildebrand is not immune from Plaintiffs' suit, Plaintiffs have set forth no facts to support a claim under the Fair Labor Standards Act ("FLSA"). Plaintiffs have pled insufficient facts to establish Hildebrand was their "employer" for purposes of the statute. Again, in their own words, Plaintiffs allege they were "recruited and hired by Defendant … <u>the University of Oklahoma</u> to serve as research assistants in

---

[1] Hildebrand cites the relevant allegations of the Complaint only for purposes of the instant motion and denies their veracity and all liability. While a court generally must accept such allegations as true in reviewing a motion to dismiss, it is only required to accept all <u>well pled</u> allegations. It has no obligation to accept conclusory statements, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (legal conclusions are not entitled to assumption of truth and must be supported by factual allegations); *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006); *Thomas v. N.M. Corrections Dept.*, 272 F. Appx. 727, 729 (10th Cir. 2008); *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

the Health Sciences Center[.]" (Compl. ¶ 1) (emphasis added). Plaintiffs also repeatedly claim that at all times relevant, Hildebrand was acting within the scope of his employment as either (1) director of the University's medical laboratory or (2) as an officer of Defendant Pure Protein, LLC. Nowhere do Plaintiffs (nor could they, in good faith) allege Hildebrand, individually, "employed" them for purposes of any of the claims set forth in their Complaint, nor do Plaintiffs adequately plead their entitlement to overtime pay.

Plaintiffs also fail to state a claim under the under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), a statute legislatively created with the intent to prevent the modern slave trade in persons, particularly women and children. First, Hildebrand is immune from such a claim. Second, assuming no immunity applies, Plaintiffs have not exhausted statutory remedies. Next, since Plaintiffs' claims are predicated on the defendants' alleged failure to pay overtime pay, they are subsumed within the FLSA. Finally, Plaintiffs' conclusory allegations, even if accepted as true, do not constitute either "forced labor" or "trafficking."

Lastly, Plaintiffs' Oklahoma wage claim cause of action fails for substantially the same reasons as their FLSA claim, as Hildebrand is immune from suit and Plaintiffs fail to plead adequate facts in support of their claim.

In sum, Hildebrand's motion should be granted as (1) he is entitled to Eleventh Amendment immunity, (2) all of the complained-of actions were alleged to have been committed within the scope of his employment, not individually, and (3) other than their

conclusory assertions, Plaintiffs have set forth no sufficient facts to substantiate the causes of action asserted and/or the relief requested.

## ARGUMENT AND AUTHORITIES

**I.      Plaintiffs' Complaint Does Not Meet The Pleading Requirements Set Forth in *Twombly*, *Iqbal* And Their Progeny.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. The Court assesses whether the complaint, standing alone, is legally sufficient to state a claim for which relief may be granted. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).[2] A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In essence, the complaint's factual allegations must be sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions - a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 550. A complaint may thus be dismissed for insufficient facts alleged under a cognizable legal theory. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

---

[2] Similarly, when reviewing a motion to dismiss for lack of subject matter jurisdiction that challenges the sufficiency of the plaintiff's jurisdictional allegations, a district court confines itself to the pleadings and accepts only the well pled allegations as true. *Peterson v. Martinez*, 707 F.3d 1197, 1205–06 (10th Cir. 2013).

Under *Iqbal*, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). Conclusory allegations and unsupported legal conclusions will not withstand a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

When viewed through the prism provided by *Twombly*, *Iqbal*, and their progeny, the Complaint fails to satisfy the pleading requirements set forth in these decisions. Each allegation against Hildebrand was alleged to have been committed either in his capacity as director of the University's lab or as an officer of Pure Protein. Consequently, Plaintiffs have failed to state a claim because Hildebrand is immune from such claims and is not Plaintiffs' "employer." In addition, other than their threadbare allegations, Plaintiffs offer no appropriate facts to support their requested relief under the FLSA, TVPRA or Oklahoma's wage statute. There are simply insufficient allegations contained in the Complaint to state a claim for relief that is plausible on its face against Hildebrand individually.

**II.     Plaintiffs Do Not State A Claim Under The FLSA As Hildebrand Is Immune From Suit And Plaintiffs Have Not Pled Sufficient Facts Evidencing Hildebrand, Individually, Was Their "Employer" Or Their Entitlement To Overtime Pay.**

   **A.     Eleventh Amendment Immunity**

Hildebrand is entitled to Eleventh Amendment immunity from Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"). The Eleventh Amendment bars a suit for money damages in federal court against a state by its own citizens. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Edelman v. Jordan*, 415 U.S. 651, 663–664 (1974). This protection extends to the State's agencies, officers, and "arms of the state." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Because Plaintiffs have requested monetary damages (Compl. ¶¶ 8, 39, 45-46, 53-54, 58-59), any claim against the State of Oklahoma or an arm or agency of the State is barred in this Court.

The Board of Regents of the University of Oklahoma is considered to be an arm of the State,[3] and is thus entitled to Eleventh Amendment immunity. *Seibert v. State of Okla., ex rel. Univ. of Oklahoma Health Sciences Center*, 867 F.2d 591, 593 (10th Cir. 1989), *abrogated on other grounds*, *Federal Lands Legal Consortium ex rel. Robert Estate v. United States*, 195 F.3d 1190 (10th Cir. 1999); *Hensel v. Office of Chief Admin.*

---

[3] Oklahoma has adopted sovereign immunity. 51 OKLA. STAT. § 152.1 ("Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts. … [I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.").

*Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994); *Santana v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, No. 14–CV–134–CVE–TLW, 2014 WL 2855010 at *3 (N.D. Okla. June 23, 2014); *Elwell v. Oklahoma, ex rel. Bd. of Regents of Univ. of Oklahoma*, No. CIV–10–1169–C, 2011 WL 560455 at *1 (W.D. Okla. Feb. 8, 2011); *Gay Activists Alliance v. Bd. of Regents of the Univ. of Okla.*, 1981 OK 162, ¶ 35, 638 P.2d 1116, 1123–24.[4]

Plaintiffs allege Hildebrand "at all times relevant, was the director of the medical research laboratory at the Defendant University [of Oklahoma]'s Health Sciences Center." (Compl. ¶ 14) (emphasis added). Indeed, throughout the Complaint, Plaintiffs consistently repeat the assertion that Hildebrand acted within the scope of his employment as "an employee of Defendant University," "the supervisor of Plaintiffs' work for Defendant University," "director of the laboratory on behalf of Defendant University," and "director of Defendant University's medical research laboratory." (Compl. ¶¶ 24, 26, 27, 29, 31, 36) (emphasis added). Consequently, Hildebrand is entitled to Eleventh Amendment immunity. *Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985) (suit against an individual acting in an official capacity is properly treated as a suit against the state itself and is barred under the Eleventh Amendment); *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir.1996) (§ 1983 claims asserted against state corrections employees for money damages barred by Eleventh Amendment sovereign immunity).[5]

---

[4] This immunity also extends to suits brought in state court for alleged violations of the FLSA. *See Rouse v. Grand River Dam Auth.*, 2014 OK 39, ¶ 9, 326 P.3d 1139, 1141.

[5] Notably, in *Williams v. Okla. Dept. of Human Services*, 122 F. Appx. 958 (10th Cir. 2004) (unpublished), this Court dismissed, on Eleventh Amendment immunity grounds,

### B. Plaintiffs Fail To Sufficiently Allege Hildebrand Was Their "Employer" For Purposes Of The FLSA

Even without the protection of sovereign immunity, Plaintiffs still fail to state a claim, as the allegations are insufficient to establish Hildebrand, individually, was Plaintiffs' "employer" within the meaning of the FLSA. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In this regard, the Tenth Circuit has adopted the "economic reality" test for determining whether a defendant is an "employer." *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1439 (10th Cir. 1998). "The economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.1990)).

Bringing back to memory *Twombly*, *Iqbal* and their related cases, Plaintiffs imprecisely allege Hildebrand personally was their "employer." Actually, Plaintiffs conclusory state that Hildebrand controlled all aspects of their work, as an <u>employee</u> of the University of Oklahoma. (Compl. ¶ 26) ("Hildebrand, <u>as an employee of Defendant University</u>, had the ability to exercise almost complete control over Plaintiffs' employment terms and conditions, and he was authorized to fire, hire or modify the employment conditions.") (emphasis added). The Complaint is devoid of any supporting

---

the plaintiffs' FLSA overtime suit against the State of Oklahoma, which the Tenth Circuit affirmed. The plaintiffs there were represented by Plaintiffs' lead counsel in this case.

averments which would create a plausible conclusion that Hildebrand, <u>individually</u>, was Plaintiffs' employer during the time period in question.

Plaintiffs, despite their supposed knowledge of Hildebrand's employer status, allege only Hildebrand, as an <u>employee</u> of the University, possessed the power to hire and fire them and controlled their conditions of employment. *Id*. Plaintiffs abjectly fail to make any allegation regarding whether Hildebrand, individually, possessed such power or determined their rate and method of payment, and/or maintained Plaintiffs' employment records, all of which are crucial factors in determining whether an individual is an "employer" under the FLSA. *Baker*, 137 F.3d at 1439. Indeed, doing so would be contradictory to the other allegations of the Complaint wherein Plaintiffs allege they were <u>recruited and hired</u> by the University, and Hildebrand, at all times, acted within his scope of employment and not individually. (Compl. ¶¶ 1, 24, 26, 27, 29, 31, 36).

A plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim. *Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1230 (10th Cir. 2012). As noted in Pure Protein's Motion to Dismiss (Doc. 17),[6] a plaintiff may not "simply allege that each of the named Defendants is his employer, without more." (Def. Pure Protein's Motion to Dismiss at 9) (citing *Hart v. SandRidge Energy, Inc.*, Order Granting Motion to Dismiss at 3, No. CIV-14-178-R (W.D. Okla. Apr. 2, 2014) (Doc. No. 62)). And, as noted therein, Plaintiffs conspicuously fail to include other material allegations – all within their

---

[6] For efficiency, Hildebrand adopts and incorporates the argument and authorities set forth in the motions to dismiss filed by the University and Pure Protein as they relate to Plaintiffs' claims against Hildebrand and his defenses thereto.

9

personal knowledge - concerning other aspects of their employment relationship, such as, *inter alia*: (1) the identity of the entity/individual who provides their health benefits, (2) the identity of the entity/individual who provided their employment handbooks, (3) who is on their W-2 forms, (4) the identity of the entity/individual on Plaintiffs' Form I-20 OPT endorsements, and (5) the identity of the entity/individual identified as Plaintiffs' employer on their Form G-325A in support of their application for permanent residence or adjust status. (Def. Pure Protein's Motion to Dismiss at 9-10).

As in *Iqbal*, the allegations against Hildebrand are not entitled to a presumption of truth because they are conclusory. Assuming, *arguendo*, they are adequate, the only plausible conclusion that can be reached from them is Plaintiffs were employed by the University of Oklahoma, who is protected by Eleventh Amendment immunity.

### C.     Plaintiffs Fail To Adequately Plead A Violation Of The FLSA

Plaintiffs' Complaint is also deficient in that they fail to show their eligibility to overtime pay. "[I]n order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that [they] worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers v. Quality Comm's, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014) (citing *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Davis v. Abington Mem. Hosp.*, 765 F.3d 236 (3d Cir. 2014)); *Stake v. Penloyd, LLC*, No. No. 09–CV–140–GKF–PJC, 2010 WL 1687634 at *1 (N.D. Okla. Jan. 25, 2011).  In the wake of *Iqbal* and *Twombly*, a plaintiff may no longer assert a formulaic recitation of the elements for such a claim,

but must rather set forth sufficient facts to move their claim from conceivable to plausible. *Landers*, *supra*. Here, Plaintiffs have only asserted conclusory allegations that they worked in excess of forty hours in an unknown time period. (Compl. ¶¶ 20-21, 33). The Complaint does not make any factual allegations regarding the average rate at which they were paid, the amount of overtime wages Plaintiffs believe they are owed, or any other facts that will permit the Court to find plausibility. *See Landers*, 771 F.3d at 645; *cf. Brown*, 700 F.3d at 1230 (to succeed on FLSA claim for unpaid overtime, plaintiff has burden to produce sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference). Given these deficiencies, Plaintiffs' allegations fall way short of the line between possibility and plausibility as construed in *Twombly* and *Iqbal*.

Other decisions are in accord. *See, e.g., Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (complaint alleging assistant managers were not paid overtime, that defendant "regularly and repeatedly" failed to pay plaintiff for all hours actually worked, and defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was "implausible on its face"); *Anderson v. Blockbuster, Inc.*, No. 10–158, 2010 WL 1797249 at **2–3 (E.D. Cal. May 4, 2010) (conclusory allegations that plaintiffs consistently worked in excess of forty hours a week insufficient); *Mell v. GNC Corp.*, No. 10–945, 2010 WL 4668966 at *8 (W.D. Pa. Nov. 9, 2010) (plaintiffs' claim insufficient where they failed to even "estimate the time period in which they worked without proper overtime compensation"); *Villegas v. J.P Morgan Chase & Co.*, CA No. 09–261, 2009 WL 605833 at **4–5 (N.D. Cal. Mar. 9, 2009)

(allegation that plaintiff "worked more than 40 hours in a work-week and more than 8 hours in a work day, thus entitling her to overtime pay" was insufficient).[7]

### III. Plaintiffs Have Failed To State A Claim Under The TVPRA.

Plaintiffs next contend Hildebrand's actions constitute a violation of the TVPRA, codified at 18 U.S.C. §§ 1589 *et seq*. (Compl. ¶¶ 8, 40-54). "When it enacted the [TVPRA] in 2000, Congress declared that the purposes of the TVPA are to 'combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims.' " *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011) (citation omitted). Plaintiffs' claims under the TVPRA fail for several reasons.

First, Hildebrand is entitled to immunity from suit in this Court, as discussed above. *See* 51 OKLA. STAT. § 152.1 ("The state, its political subdivisions, and all of their employees <u>acting within the scope of their employment</u> … <u>shall be immune</u> from liability for <u>torts</u>.") (emphasis added). Even assuming immunity does not apply, the provisions of the Oklahoma Governmental Tort Claims Act, 51 OKLA. STAT. §§ 151 *et seq*. ("OGTCA") control and operate as the exclusive remedy. Plaintiffs do not allege they have complied with the requirements of the OGTCA. Even if Plaintiffs were to comply, the OGTCA <u>precludes</u> Hildebrand from being a named defendant. *See id*. § 163(C).

---

[7] Also, as noted by Pure Protein, Plaintiffs' omission of these facts are likely due to the fact that if Plaintiffs were indeed paid a salary, they (1) were indeed "paid" and thus fail to state a claim, and (2) would be ineligible from the FLSA's overtime provisions because they were H-1B professionals, who are deemed a "specialty occupation" for exemption purposes. (Def. Pure Protein's Motion to Dismiss at 11).

12

Next, Plaintiffs' "forced labor" claim is duplicative of its FLSA claim as it is predicated on the allegation Hildebrand forced Plaintiffs to work overtime without pay. (Compl. ¶ 43). Consequently, it is subsumed within their FLSA claim and Plaintiffs are preempted from asserting it. *See DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, No. 10–CV–1341 (JFB)(ETB), 2012 WL 748760 at *7 (E.D.N.Y. Mar. 7, 2012) (to the extent plaintiffs' forced labor claims were premised upon defendants forcing them to work overtime without pay, claims were "clearly subsumed" within plaintiffs' FLSA claim and, therefore, were preempted) (citing *DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 770 F. Supp. 2d 497, 512-19 (E.D.N.Y. 2011)).

Plaintiffs' conclusory allegations that they provided labor and services because Hildebrand either threatened to deport Plaintiffs or threatened to withhold their pay do not state a claim under the statute. As noted in Pure Protein's motion, an H-1B sponsor may terminate the employment of an H-1B professional (such as Plaintiffs) at will. (Def. Pure Protein's Motion to Dismiss at 13). To this end, even accepting Plaintiffs' allegations as true, such conduct would not constitute "forced labor." *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 540-41 (3d Cir. 2012) ("To the extent Plaintiffs allege that they were threatened with deportation, those allegations are likewise insufficient to constitute involuntary servitude. … Absent some special circumstances, threats of deportation are insufficient to constitute involuntary servitude."). Rather, they are more appropriately construed as mere "threats of adverse but legitimate consequences," which fail to state a claim. *DeSilva*, 2012 WL 748760 at *7 (citing *United States v. Bradley*, 390 F.3d 145, 151 (1st Cir.), *vacated on other grounds*, 545 U.S. 1101 (2005); *Pasamba v. HCCA*

13

*Intern., Inc.*, No. 08–CV–247 (PHX)(NVW), 2008 WL 2562928 (D. Ariz. June 24, 2008)); *compare Pasamba*, *supra* at *6 (where employer warned nurse "she would be 'in danger of being deported' if her employment terminated" and allegedly coerced plaintiff into signing a promissory note based on threat of having her visa process terminated was not sufficient to establish defendant had committed RICO predicate act of forced labor because "warning of adverse but legitimate consequences to terminating her employment prematurely would not constitute abuse of process" under § 1589).

Lastly, Plaintiffs' trafficking claim is deficient for the simple fact Plaintiffs were not "trafficked" to Oklahoma. Section 1590(a) of the TVPRA establishes penalties for one who "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter." Typical trafficking/forced labor cases involve use of force, threats of violence, fraud, and coercion that prevent the employee/traffickee from having viable exit options. *Alvarado v. Universidad Carlos Albizu*, No. 10–22072–CIV, 2010 WL 3385345 at *4 (S.D. Fla. Aug. 25, 2010) (citing *United States v. Calimlim*, 538 F.3d 706 (7th Cir. 2008)). To this end, Plaintiffs' trafficking claim is dead on arrival in light of their allegation they were "<u>recruited and hired</u>" by the University of Oklahoma and came to work on a visa program. (Compl. ¶¶ 1, 12-13) (emphasis added). Such legitimate business means do not constitute "trafficking."

Plaintiffs worked reasonable hours and were fairly compensated for their time, yet, without any supporting factual allegations, Plaintiffs contend Defendants "recruited, harbored, transported, provided and obtained the labor and services of Plaintiffs through involuntary servitude and forced labor" through verbal abuse and threats of withholding

14

pay and deportation. (Compl. ¶¶ 50-51). Again, these formulaic recitations do not state a claim under the TVPRA as they are conclusory and directed to Defendants' alleged conduct once Plaintiffs had already arrived in Oklahoma. *See Shuvalova v. Cunningham*, No. C 10–02159 RS, 2010 WL 5387770 at \*4 (N.D. Cal. Dec. 22, 2010). Moreover, there is no allegation (or proof) Plaintiffs lacked any viable exit options or were otherwise forced to stay at the laboratory against their will. *Alvarado*, 2010 WL 3385345 at \*4.

## IV. Plaintiffs Fail To State A Claim Under Oklahoma's Wage Statute.

Plaintiffs' claim under Oklahoma's wage statute (40 OKLA. STAT. §§ 165.1 *et seq.*) fails for substantially the same reasons as their claim under the FLSA. First, as discussed above, Hildebrand is entitled to immunity. Moreover, Plaintiffs fail to allege any facts to support their contention that Hildebrand was their "employer" within the meaning of the statute and they were not paid for the work performed. Lastly, Plaintiffs do not allege they were non-exempt under the statute, as only non-exempt employees are entitled to be paid "twice per month" per the statute. *See* 40 OKLA. STAT. § 165.2 ("[e]very employer in this state shall pay all wages due their employees, other than exempt employees and employees of nonprivate foundations … at least twice each calendar month on regular paydays designated in advance by the employer.") (emphasis added).

## CONCLUSION

WHEREFORE, Defendant William Hildebrand respectfully requests that this Court grant his Motion to Dismiss, and award such further relief deemed equitable, just, and proper.

Respectfully submitted,

/s/ Heidi J. Long
Stephen R. Johnson, OBA No. 4724
Heidi J. Long, OBA No. 17667
James E. Warner III, OBA No. 19593
HOLLADAY & CHILTON PLLC
204 N. Robinson Ave., Suite 1550
Oklahoma City, OK 73102
(405) 236-2343 Office
(405) 236-2349 Fax

ATTORNEYS FOR DEFENDANT
WILLIAM HILDEBRAND

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: George S. Freedman, Sara R. Clutts, Spencer F. Smith, Joshua W. Solberg, Jason S. Boulette, Steven H. Garrett, Shawnae E. Robey, Gus H. Buthman, Eric A. Moen.

/s/ Heidi J. Long