# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DANIJELA MOJSILOVIC and )
ALEKSANDAR MOJSILOVIC, )
                              )
        Plaintiffs, )
                              )
v. )    CIV-14-886-R
                              )
STATE OF OKLAHOMA ex rel. )
THE BOARD OF REGENTS FOR )
THE UNIVERSITY OF )
OKLAHOMA, *et al.*, )
                              )
        Defendants. )

## ORDER

      This matter comes before the Court on the Motion to Dismiss, filed by Defendant State of Oklahoma, *ex rel* the Board of Regents for the University of Oklahoma ("the University). (Doc. No. 19). Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

      Plaintiffs filed this action against the above-named Defendants alleging they are Serbian scientists recruited and hired by the University as research assistants performing tissue culture and DNA sequencing. In response to the motion to dismiss Plaintiffs clarified that their claims against the University arise under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, *et seq*. and Okla. Stat. tit. 40 § 165.9.[1] Defendant raises a number of challenges to Plaintiffs' claims, only one of which is addressed

---

[1] Plaintiffs concede that absent waiver of immunity by Defendant University they cannot proceed with the claim under § 165.9 in this forum.

herein due to its dispositive nature.

Plaintiffs contend in Count II of the Complaint that Defendant violated 18 U.S.C. § 1589, which makes it unlawful to knowingly provide or obtain the labor or services of a person by: force; threat of force; physical restraint or threats thereof; means of serious harm or threats of harm to that person or another; means of abuse of law or legal process or threats thereof; or by scheme, plan or pattern intended to cause the person to believe that if that person did not perform such labor or services, that person or another would suffer serious harm or physical restraint. Plaintiffs contend Defendants verbally abused them, withheld their pay and threatened deportation and other immigration action for the purpose of inducing Plaintiffs to continue working without pay in violation of 18 U.S.C. § 1589. Plaintiffs also allege violation of 18 U.S.C. § 1590 which prohibits the recruiting, harboring, transporting, providing or obtaining any person for labor or services in violation of laws prohibiting involuntary servitude or forced labor. 18 U.S.C. § 1595 provides a civil remedy for violations of the TVPRA:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

The University asserts dismissal of these TVPRA claims is warranted in light of its Eleventh Amendment immunity. Plaintiffs contend dismissal is inappropriate because Congress effectively abrogated States' Eleventh amendment immunity with the enactment

2

of the TVPRA under its plenary Thirteenth Amendment authority and other Reconstruction Amendments, without regard to whether Congress made its intention to abrogate immunity clear. Plaintiffs further argue that Congress did make its intention clear, permitting recovery against "whoever, " to include the States.

"A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327, 1333 (2012)(citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)); *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Congress, however, "may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *Id.* (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)).

With regard to attempts to abrogate sovereign immunity under the Fourteenth Amendment the Supreme Court has repeatedly stated that Congress must make "its intention to abrogate unmistakably clear in the language of the statute." *Id.* (quoting *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003)); *see also Kimel*, 528 U.S. at 73 (To determine whether Congress has abrogated immunity the Court "must resolve two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority."); *Tennessee v. Lane*, 541 U.S. 509 (2004)(same). Furthermore, the Supreme Court has stated that "we presume federal statutes do not abrogate state sovereign immunity." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 243 (1985).

3

The Court disagrees with Plaintiffs' contention that Congressional intent need not be clearly stated in order to overcome the States' sovereign immunity because the TVPRA was enacted by Congress pursuant to its authority under the Thirteenth Amendment. The Supreme Court has considered the immunity of the States with regard to statutes enacted by Congress under Section 5 of the Fourteenth Amendment and has not wavered in requiring that Congress must unequivocally express its intent to abrogate immunity. *See Kimel*, 528 U.S. at 73.

> To temper Congress' acknowledged powers of abrogation with due concern for the Eleventh Amendment's role as an essential component of our constitutional structure, we have applied a simple but stringent test: "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute."

*Dellmuth v. Muth*, 491 U.S. 223, 227-28 (1989). "Lest *Atascadero* be thought to contain any ambiguity, we reaffirm today that in this area of the law, evidence of congressional intent must be both unequivocal and textual." *Id*. at 230.[2]

Predictably, lower courts have incorporated these components:

> Plaintiff contends that the implementing clause of the thirteenth amendment also gave Congress the power to abrogate state sovereign immunity, and that Congress invoked that power by promulgating the Civil Rights Act of 1866. But even if one assumes arguendo that plaintiff is correct to this point, the lack of evidence of a clear congressional purpose to use this power in § 1981 fatally

---

[2] Certain of the cases upon which Plaintiffs rely to avoid the first question are distinguishable. In *Fitzpatrick v. Bender*, 427 U.S. 445 (1976), Title VII, as amended, specifically extended coverage to the State as employer. Accordingly, there was but a single predicate question, whether Congress acted within its power under the Fourteenth Amendment. *See United States. v. Georgia*, 546 U.S. 151 (2006)(Title II of the ADA authorizes private suits for money damages against public officials in violation of § 12132 enacted under Fourteenth Amendment and provides "State shall not be immune under the eleventh amendment of the Constitution" for violations of § 12202.)

undermines his position. *See Employees v. Missouri Public Health Dep't.*, 411 U.S. 279, 283-85, 93 S.Ct. 1614, 1617-18, 36 L.Ed.2d 251 (1973). Whereas Congress amended Title VII in 1972 specifically to establish state liability for violations of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e(a), (f); *Fitzpatrick v. Bitzer*, *supra*, 427 U.S. at 449 n. 2, 96 S.Ct. at 2668 n. 2 plaintiff has not presented us with any manifestation of a similar congressional intent regarding § 1981. "Congress, acting responsibly, would not be presumed to take such action silently." *Employees*, *supra*, 411 U.S. at 284-85, 93 S.Ct. at 2617-18.

*Foulks v. Ohio Dept. of Rehabilitation and Correction*, 713 F.2d 1229, 1222-23 (6th Cir. 1983); *Malone v. Schenk*, 638 F.Supp. 423 (C.D.Ill. 1985).[3] Accepting Plaintiffs' argument would permit claims against the State under 42 U.S.C. § 1983 alleging violation of the Thirteenth Amendment, despite the contrary authority of *Will v. Michigan Dept. of State Police,* 491 U.S. 89 (1984)(suits against a state under § 1983 are barred by the Eleventh

---

[3] When Congress enacted the Civil Rights Act of 1866 pursuant to the power conferred upon it by the Thirteenth Amendment, it certainly had the power to abrogate state immunity. *See Jones v. Alfred H. Mayer Co.*, 392 U.S. at 437–44, 88 S.Ct. at 2202–06. Although the Supreme Court has not explicitly ruled on Congressional authority to abrogate state immunity under the Thirteenth Amendment, the Court has long held that the substantive provisions of the Thirteenth Amendment apply to state action. *See District of Columbia v. Carter*, 409 U.S. 418, 421–22, 93 S.Ct. 602, 604–05, 34 L.Ed.2d 613 (1973); *Jones*, 392 U.S. 409, 438, 88 S.Ct. 2186, 2202, 20 L.Ed.2d 1189; *Civil Rights Cases*, 109 U.S. 3, 20, 35 S.Ct. 18, 27, 27 L.Ed.2d 835; *Ex Parte Virginia*, 10 Otto 339, 344–45, 100 U.S. 339, 344–45, 25 L.Ed.2d 676 (1879). The enforcement provision of the Thirteenth Amendment is virtually identical to that of the Fourteenth Amendment which has "provide[d] for private suits against States or state officials which are constitutionally impermissible in other contexts." *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Congress has similar authority under Section 2 of the Thirteenth Amendment. Therefore, Congress had the authority to override the State's immunity under the Eleventh Amendment when it enacted the Civil Rights Act of 1866. Atascadero says that because the statute does not say so specifically, the State's immunity is not overridden.

*Malone*, 638 F.Supp. at 428 n. 3.

Amendment).

The Court distinguishes the authority relied upon by Plaintiff, *Board of County Comm'rs v. United States E.E.O.C.*, 405 F.3d 840, 850 (10th Cir. 2005). Therein, in the context of an administrative appeal from a decision of the EEOC under the Government Employee Rights Act of 1991, the issue was whether the employee of a county could seek relief for retaliation under the Act. The Court did not address Eleventh Amendment immunity, the Defendant challenging recognition of a claim as contravening the Tenth Amendment, not sovereign immunity under the Eleventh Amendment. Despite Plaintiffs' arguments to the contrary, the Court declines to apply *Board of County Com'rs, Fremont County,* to this case. *See Alaska v. EEOC*, 564 F.3d 1062, 1066 (9th Cir. 2009)("GERA's text makes congressional intent to abrogate state sovereign immunity 'unmistakably clear.'" (citing *Atascadero*, 473 U.S. at 242).

Furthermore, the Court finds nothing in the language utilized by Congress in the TVPRA that "demonstrates with unmistakable clarity that Congress intended to abrogate the States' immunity from suit." *Dellmuth*, 491 U.S. at 231. The Act makes no reference to the Eleventh Amendment, sovereign immunity, or holding a State liable, and the use of the terms "perpetrator" and "whoever" are too broad to provide the requisite clarity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979)("By contrast, § 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States."). Furthermore, pursuant to 1 U.S.C. § 1, the term "whoever" is defined to "include corporations, companies, associations, firms, partnerships, societies, and joint stock

companies, as well as individuals" as used in any Act of Congress, unless the context indicates otherwise. Here, there is no contrary indication in the statute that it should apply to States or public agencies, and the definition in Section 1 does not include States or public entities. As such, the Court finds the University is entitled to dismissal of Plaintiffs' complaint.[4]

For the reasons set forth herein, the motion to dismiss filed by Defendant University is hereby GRANTED.

IT IS SO ORDERED this 3rd day of April, 2015.

*David L. Russell* (signature)
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs argue that adoption of Defendant's theory would essentially render the University unconstrained by the Thirteenth Amendment. The mere fact that Plaintiffs cannot proceed on a claim for damages under the TVPRA does not provide the University with a shield from all types of litigation nor does it grant the University carte blanche to engage in slavery. The Court also rejects Plaintiffs' reliance on *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968), which involved private defendants, and there was no sovereign immunity issue to be addressed. Furthermore, recent cases addressing 42 U.S.C. § 1982, the provision at issue in *Jones*, have determined that Congress did not express an intent to abrogate state sovereign immunity and therefore States cannot be sued for damages under § 1982. *Jones v. National Communications and Surveillance Networks*, 409 F.Supp.2d 456, 467 (S.D.N.Y. 2006); *Tariq-Shuaib v. City of Camden*, 2011 WL 383857, *3 (D.N.J. 2011); *Shaughnessy v. Hawaii*, No. 09–00569, 2010 WL 2573355 (D.Haw. Jun. 24, 2010); *Friends of Eudora Pub. Sch. Dist. v. Beebe*, No. 5:06CV0044, 2008 U.S. Dist. LEXIS 24112, at *8–9, 2008 WL 828360 (E.D.Ark. Mar. 25, 2008); *Powers v. CSX Transp., Inc.*, 105 F.Supp.2d 1295, 1303–04 (S.D.Ala.2000); *Ross v. Alabama*, 893 F.Supp. 1545, 1550–51 (M.D.Ala.1995).