# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIJELA MOJSILOVIC and ALEKSANDAR MOJSILOVIC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIV-14-886-R ) |
| STATE OF OKLAHOMA ex rel. THE BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA, *et al.*, | ) ) ) ) ) ) |
| Defendants. | ) |

## AMENDED ORDER[1]

This matter comes before the Court on the Motion to Dismiss, filed by Defendant William Hildebrand pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 21). Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiffs filed a Complaint asserting they are Serbian nationals hired by the University to serve as research assistants at the Health Sciences Center. Complaint ¶1. Plaintiffs allege Defendant Hildebrand is an employee of the University and the owner, operator and CEO of Defendant Pure Protein, LLC. Complaint ¶ 4. Plaintiff Danijela Mojsilovic contends she began working for the University in January 2007 through the Optional Practical Training Visa program, and was retained under the H1B Visa program in

---

[1]This Order is Amended for the sole purpose of correcting the date it was signed to reflect April 3, 2015.

May 2007, which she continued until June, 2014. Plaintiff Aleksander Mojsilovic alleges he started work in the same optional program in October, 2006 and was retained in the H1B Visa program in August 2007, which continued until June, 2014. Complaint ¶¶ 12-13. Both Plaintiffs allege they were retained to work in a medical research lab under the direction of Defendant Hildebrand. Complaint ¶ 16. Plaintiffs allege that shortly after beginning work for the University, Defendant Hildebrand demanded that in addition to their work on behalf of the University, that both Plaintiffs perform work for Defendant Pure Protein. Complaint ¶ 17. Plaintiffs allege that although Defendant Hildebrand assured Plaintiffs they would be compensated for the work performed on behalf of his private company, which leased laboratory space from the University, that he failed to do so. Complaint, ¶¶ 15, 18. Plaintiffs contend that Defendant Hildebrand required that their work on behalf of Pure Protein be in addition to the number of hours provided for by their contracts with the University, and therefore, "[b]ecause Defendant Hildebrand required Plaintiffs to work for both Defendant University and Defendant Pure Protein, Plaintiffs worked far in excess of forty (40) hours per week." Complaint ¶ 21. They allege Defendant Hildebrand, as their supervisor at the University, had the ability to exercise nearly total control over their employment terms and conditions, that he was authorized to hire, fire or modify the conditions of employment, and that he used his supervisory authority to force Plaintiffs to work on behalf of his personal company or to face deportation upon threat of termination. Complaint ¶¶ 26-27. Plaintiffs allege that Defendant Hildebrand became verbally abusive and threatened deportation or revocation of their work visas when they inquired why they had not been paid for all of the

hours worked. Complaint ¶ 29-30. Plaintiffs allege violation of: (1) the Fair Labor Standards Act, because they were not paid overtime (Count I); (2) the Trafficking Victim Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 (forced labor) (Count II); (3) the TVPRA, 18 U.S.C. § 1590 (trafficking into servitude) (Count III); and (4) the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40 § 165.1 et seq.("OPLA"), for failing to timely pay Plaintiffs wages because they were not paid for all work performed.

Defendant Hildebrand contends he is entitled to dismissal pursuant to Federal Rule of Civil 12(b)(1), because he is entitled to Eleventh Amendment immunity, all claims against him having been pled under the theory that he was acting within the scope of his employment with the University. He further argues that Plaintiffs have failed to state a claim against him under the FLSA, the TVPRA or the OPLA.

The caption of the case indicates that Defendant Hildebrand is sued in his individual capacity, despite the fact that he is alleged to have taken these actions in the context of his employment with the University. The University is entitled to sovereign immunity; this immunity, however, does not carry over to an employee sued in his individual capacity. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Cornforth v. University of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001). As such, Defendant Hildebrand is not entitled to dismissal of any claims on the basis of Eleventh Amendment immunity.

Defendant Hildebrand further contends that Plaintiffs have failed to state a claim for which relief can be granted, thus mandating dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient

3

factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court assumes "the factual allegations are true and ask[s] whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir.2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

With regard to Plaintiffs' FLSA claim, Defendant Hildebrand argues that Plaintiffs have failed to sufficiently allege facts to support their allegation that he was their "employer." The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Many courts have held that individual supervisors can be liable under the Act. The FLSA broadens the definitions of employer and employee beyond "strict application of traditional agency principles." *Baker v. Flint Engineering & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir.1998). The FLSA focuses instead on "the economic realities of the relationship" between the employee and the employer, and includes evaluating such factors as "whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* The Court finds that Plaintiffs have sufficiently alleged that Defendant Hildebrand was their employer for FLSA purposes. Plaintiffs allege that

Defendant Hildebrand demanded they perform work on behalf of Pure Protein, that he promised to ensure payment for such work but failed to do so, that he demanded this work be performed after completion of the hours required by their contract with the University, and that he abused his role as laboratory director to condition Plaintiffs' continued employment with the University on their completion of work, without pay, for Pure Protein. Plaintiffs also allege that Defendant threatened termination, which would have resulted in deportation. Plaintiffs also allege Defendant Hildebrand threatened their immigration status and employment when they had arranged holiday travel and vacation plans. They allege he was the person responsible for assisting with their immigration paperwork, and they feared he would negatively impact their status if they did not continue their unpaid work on behalf of Pure Protein. All this combined with Defendant Hildebrand's unique position as Department Chief at the University and alleged owner/operator of Pure Protein, the Court finds that Plaintiffs have sufficiently alleged that he violated the FLSA by failing to ensure payment received for work in excess of forty hours, by asserting that they worked their contractual forty hours, and additional unpaid time, as demanded by Defendant Hildebrand. Consequently, the Court finds the allegations are sufficient to state a claim against Defendant Hildebrand for violation of the FLSA.

Defendant Hildebrand next argues that Plaintiffs have failed to state a claim under the TVPRA. Defendant Hildebrand first contends he is entitled to immunity pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"). The Court concludes that the Act does not modify Defendant Hildebrand's obligations under federal law, much like it does not apply

to claims against individual-capacity claims against state employees under 42 U.S.C. § 1983. *See Tiemann v. Tul–Ctr., Inc.*, 18 F.3d 851, 853 (10th Cir.1994).

Defendant Hildebrand next contends that Plaintiffs' TVPRA claims are subsumed in their FLSA claims. The Tenth Circuit in *Francisco v. Susano*, 525 Fed.Appx. 828 (10th Cir. 2013), considered the availability of damages under the TVPA, the precursor to the TVPRA, in the presence of FLSA claims. The court concluded that non-economic compensatory and punitive damages were available under the TVPA. *Id*. at 835. As such, the Court concludes that in this Circuit, the FLSA claims do not preempt all attempts to recover under the TVPRA.

Defendant Hildebrand argues that Plaintiffs have failed to sufficiently allege their claim for forced labor, because threats of deportation or withholding pay do not state a claim under the statute. As the Court interprets Plaintiffs' claims, they allege that Defendant Hildebrand, who had the authority to terminate Plaintiffs from their contracts with the University, which would have implicated their visa status, threatened termination if they did not perform uncompensated work for the entity that he allegedly owned. Despite Defendant Hildebrand's arguments, the Court finds that the alleged threat is sufficient to state a claim.

> The threat of deportation "can constitute serious harm to an immigrant within the meaning of the forced labor statute." *United States v. Rivera*, No. 09–CR–619 (SJF), 2012 WL 2339318, at *5 (E.D.N.Y. June 19, 2012). It also "'clearly falls within the concept and definition of "abuse of legal process"'" when "'the alleged objective for such conduct was to intimidate and coerce [Plaintiff] into forced labor.'" *Antonatos v. Waraich*, No. 1:12–cv–1905–JMC, 2013 WL 4523792, at *5 (D.S.C. Aug. 27, 2013) (quoting *Nunag–Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 790 F.Supp.2d 1134, 1146 (C.D.Cal.2011) (internal citations omitted)). Indeed, "[t]he threat of deportation alone may

6

> support a claim for forced labor." *Aguirre v. Best Care Agency, Inc.*, 961 F.Supp.2d 427, 444, 2013 WL 4446925, at *12 (E.D.N.Y. Aug. 16, 2013); *see Calimlim*, 538 F.3d at 713; *United States v. Alstatt*, 858 F.Supp.2d 1032, 1041 (D.Neb.2012) ("A threat of deportation which causes involuntary servitude may be sufficient."). The United States Supreme Court has noted that "threatening ... an immigrant with deportation could constitute the threat of legal coercion that induces involuntary servitude, even though such threat made to an adult citizen of normal intelligence would be too implausible to produce involuntary servitude." *United States v. Kozminski*, 487 U.S. 931, 948, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988).

*Elat v. Ngoubene*, 993 F.Supp.2d 497 (D.Md. 2014). As noted by the court in *Camayo v. John Peroulis & Sons Sheep, Inc.*, 2012 WL 4359086, at *5 n. 6 (D.Colo. Sept. 24, 2012), "the question of whether statement and actions by an employer [constitute an abuse of the legal process] must be viewed in light of all the surrounding circumstances, and thus resolution of whether a certain statement amounts to an abuse of the legal process is one that is particularly difficult on the sparse record of a motion to dismiss." Furthermore, for purposes of a TVPRA claim, "'[s]erious harm' includes threats of any consequences, whether physical or non-physical, that are sufficient under all of the surrounding circumstances to compel or coerce a reasonable person in the same situation to provide or to continue providing labor or services." *Aguirre v. Best Care Agency, Inc.*, 961 F.Supp.2d 427, 443 (E.D.N.Y.2013) (citation omitted). "'Abuse of the law or legal process' is the use of threats of legal action, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will." *Id.* at 444 (citation omitted).

With regard to Plaintiffs' claim under 18 U.S.C. § 1590, the Court finds that Plaintiffs

7

have failed to allege sufficient facts to state a cause of action. Section 1590 provides that anyone who "knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of" the statutes prohibiting slavery, forced labor or involuntary servitude, is guilty of trafficking. 18 U.S.C. § 1590(a). With regard to Defendant Hildebrand, Plaintiffs present no facts to support their theory that he recruited, harbored, transported or obtained Plaintiffs as required by § 1590. *See Shuvalova v. Cunningham*, 2010 WL 5387770, *4 (N.D.Cal. Dec. 22, 2010); *Martinez v. Calimlim*, 651 F.Supp.2d 852 (E.D.Wis. 2009)(listing elements of a § 1590 claim to include "knowingly recruited, harbored, transported, provided or obtained a person for labor."). As noted by Defendants, the Plaintiffs allege they were recruited by the University. They make no allegations regarding Defendant Hildebrand with regard to their initial decision to accept the offer of employment at the University and travel to Oklahoma. Plaintiffs's 18 U.S.C. § 1590 claims are hereby dismissed.

Finally, Defendant Hildebrand contends Plaintiffs have failed to state a claim under Oklahoma's wage statute, Okla. Stat. tit. 40 § 165, for the same reasons Plaintiffs' FLSA claim fails. The Court, however, has concluded that Plaintiffs have sufficiently alleged facts in support of their FLSA claim, and therefore, the motion to dismiss is denied in this regard.

For the reasons set forth herein, Defendant Hildebrand's motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED this 3rd day of April, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE