IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DANIJELA MOJSILOVIC, and<br>(2) ALEKSANDAR MOJSILOVIC,<br><br>PLAINTIFFS,<br><br>v.<br><br>(1) STATE OF OKLAHOMA ex rel. THE<br>BOARD OF REGENTS FOR THE<br>UNIVERSITY OF OKLAHOMA;<br>(2) PURE PROTEIN, LLC., a domestic<br>limited liability company, and<br>(3) WILLIAM HILDEBRAND, an individual.<br><br>DEFENDANTS. | Case No. CIV-14-886-R |

**PLAINTIFFS' MOTION FOR ENTRY
OF JUDGMENT UNDER RULE 54(b), AND BRIEF IN SUPPORT**

Plaintiffs Danijela Mojsilovic and Aleksandar Mojsilovic move this Court to direct entry of a final judgment with respect to its Order (Doc. 37) dismissing Plaintiffs' claims against Defendant State of Oklahoma *ex rel*. The Board of Regents for the University of Oklahoma ("University"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs submit the following Brief in Support of this Motion.

**BRIEF IN SUPPORT OF MOTION**

**Background**

Plaintiffs' Complaint names as defendants the University, William Hildebrand, and Pure Protein, LLC. (Doc. 1). The Complaint sought relief against all defendants pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, *et seq*. On April 3, 2015, this Court granted the University's Motion to Dismiss Plaintiffs'

1

TVPRA claim (Doc. 37) ("Order"), finding the University is entitled to Eleventh Amendment immunity. By Amended Orders signed April 3, 2015, and filed April 7, 2015, this Court denied the motions to dismiss of Hildebrand and Pure Protein, as to the TVPRA claim. (Doc. 40, 41). No other claims are pending against University in this Court, thus University is completely out of the case.

Plaintiffs, who are siblings, are Serbian nationals. (Doc. 1, ¶ 1) In support of the TVPRA claim, Plaintiffs have alleged they entered the United States on H-1B visas, based on the University's representation to immigration authorities that Plaintiffs were hired to work in the University's medical research laboratory, under the direction of Hildebrand. (Doc. 1, ¶ 16) In addition to serving as the director of the University laboratory, Plaintiffs have alleged Hildebrand owns and operates Pure Protein, LLC, a private company. (Doc. 1, ¶15).

Once the Mojsilovics were under Hildebrand's control at the University, the Complaint alleges, Hildebrand used his role as their supervisor at the University to force Plaintiffs to work for him, and Pure Protein, for free, or face termination and deportation, in violation of the TVPRA. (Compl. ¶ 27). Plaintiffs allege Hildebrand acted individually, and as an agent of both Pure Protein and the University, in violating the TVPRA, and sought relief against all three defendants.

## Standard of Review

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more,

but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Multiple parties are involved in this action. To permit Plaintiffs to immediately appeal the University dismissal, pursuant to Rule 54(b), this Court must first determine "that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980) (citation omitted). The district court's determination of the certified order's finality is subject to *de novo* review because it is a question of law. *Curtiss-Wright Corp.* 446 U.S. at 10 (other citations omitted).

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. Discretion to make such a finding "is to be exercised 'in the interest of sound judicial administration," thus the determination is reviewed for abuse of discretion. *Id*. at 8, 10 (citations omitted).

### A. The judgment against University is final, as it disposes of all claims against one party

In determining whether it is "dealing with a 'final judgment,' a decision "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and **it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action**.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980), quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956) (emphasis added). "**If there are multiple parties, there need only be one claim in the action**. Of course, **all of the rights or liabilities of one or**

3

**more of the parties regarding that claim must have been fully adjudicated**." 10 Charles A. Wright *et al*., *Federal Practice and Procedure: Civil 2d* § 2656 (3rd ed.) (emphasis added).

Thus, for purposes of Rule 54(b), "**a decision with respect to an individual party in multi-party litigation is final when the claims regarding that party's rights and liabilities have been fully resolved**." *United States General, Inc. v. Albert*, 792 F.2d 678, 680-681 (7th Cir. 1986), citing *Duckworth v. Franzen*, 780 F.2d 645, 648-49 (7th Cir. 1985) (emphasis added). *See also Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) ("Rule 54(b) finality requires that a judgment "**dispose of all the rights and liabilities of at least one party** as to at least one claim") (emphasis added); *TransportWorkers Union, Local 100 v. New York City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007) ("Under Rule 54(b), …a district court may certify a final judgment where … at least one claim or the **rights and liabilities of at least one party has been determined**") (emphasis added); *Cooper Power Sys. v. Union Carbide Chems. & Plastics Co.,* 123 F.3d 675, 678, n. 1 (finding district court acted well within its discretion in granting Rule 54(b) certification as the case involved both multiple claims and parties, and all the claims have been resolved with respect to one party).

As the Seventh Circuit has held, "An order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under [Rule 54(b)] **even if identical claims remain pending between the remaining parties.**" *Nat'l Metalcrafters, Div. of Keystone Consol. Ind. v. McNeil*, 784 F.2d 817 (7th Cir. 1985) (emphasis added). Thus, in *National Metalcrafters*, the appeals Court found it had appellate jurisdiction

4

pursuant to Rule 54(b) because, by virtue of dismissal of the plaintiff/company's claim, the defendant "is out of the case, and the company is entitled to a definitive resolution of its rights against him." *Id.* at 821.

The same is true, here. In fact, with little or no discussion or comment, the Tenth Circuit has on several occasions accepted Rule 54(b) appeals, where an individual defendant has been dismissed based on Eleventh Amendment immunity. *See, e.g., Maestas v. Bd. of Educ.,* 749 F.2d 591 (10th Cir. 1984) (Rule 54(b) appeal allowed, where district court dismissed complaint pursuant to Eleventh Amendment); *Harris v. Okla. Office of Juvenile Affairs*, 519 Fed. Appx. 978, n. 1, 2013 U.S. App. LEXIS 4624, **2, n. 1, 2013 WL 828859, n. 1 (10th Cir. 2013) (Rule 54(b) certification of order dismissing claims based on Eleventh Amendment immunity was proper); *Jones v. Berry*, 33 Fed. Appx. 967, 970, 2002 U.S. App. LEXIS 7620, **7 (10th Cir. 2002). *See also Duckworth*, 780 F.2d at 649 (district court "quite properly has certified the judgment for an immediate appeal," where, *inter alia*, district court found suit barred by Eleventh Amendment).

All of the rights or liabilities of the University have been fully resolved by this Court's Order dismissing the University from the litigation. The University is completely out of the case, and the decision as to the University is a final judgment, within the meaning of Rule 54(b).

        **B.**      <u>**No just reason exists for delaying this appeal.**</u>

"The purpose of Rule 54(b) 'is to **avoid the possible injustice of a delay in entering judgment** on a distinctly separate claim or **as to fewer than all of the parties** until the final adjudication of the entire case by making an immediate appeal available.'"

5

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241, quoting 10 Charles A. Wright *et al., Federal Practice and Procedure: Civil 2d* § 2654 at 33 (1982) (emphasis added). Rule 54(b) "preserves the historic federal policy against piecemeal appeals," and "relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case," while attempting to "strike a balance between the undesirability of more than one appeal," and the "need for making review available in multiple party or multiple claim situations at a time that best serves the needs of the litigants." *Oklahoma Turnpike Authority*, 259 F.3d at 1241 (citations omitted).

While the district court "cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C. § 1291]," the district court "may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions.

The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). Thus, the Supreme Court has "directed district courts to exercise discretion 'in the interest of sound judicial administration' to determine when each final decision in a multiple claims action is ready for appeal." *Stommel v. LNV Corp.*, 2015 WL 1915566, *2, 2015 U.S. Dist. LEXIS 55009, *4 (D. Utah 2015), citing *Curtiss-Wright*, 466 U.S. at 8, and *Sears*, 351 U.S. at 437. "The court should consider 'whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Stommel*, 2015 WL 1915566, *2,

6

2015 U.S. Dist. LEXIS 55009, *4, citing *Curtiss-Wright*, at 8 (district court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals").

This Court's findings in refusing to dismiss the remaining defendants make clear that but for Eleventh Amendment immunity, Plaintiffs' allegations against the University are sufficient to survive a motion to dismiss. The Court found sufficient that the University's employee, Hildebrand, "threatened termination if [Plaintiffs] did not perform uncompensated work" for Pure Protein, and that Hildebrand "*had the authority to terminate Plaintiffs from their contracts with the University, which would have implicated their visa status*." (Doc. 40, at 6-7) (emphasis added); *see also*, Doc. 41, at 8.

The issue to be appealed – whether the University is immune for its violation of the TVPRA pursuant to the Eleventh Amendment – involves a legal issue that is entirely different from any issue remaining before this Court. By an immediate appeal, this Court "can avert the costly possibility of having to retry [Plaintiffs'] claims," or having a "second round" of trial that may in many ways be identical to the first. *See e.g., Apsley v. Boeing Co.*, 2011 WL 2690119, *2, 2011 U.S. Dist. LEXIS 74081, **12-13.

The burden on the judicial system, and on the parties, that may be created by delaying a decision on the Eleventh Amendment issue is substantial. It is a distinct legal argument that should be resolved before trial on the merits. Once the appeal is resolved, the trial on the merits can proceed against either the remaining two defendants or all three

defendants, depending on the outcome of the appeal. In that situation, the likelihood is a single trial. Regardless of the outcome against the remaining Defendants, the litigation against the University will almost certainly be repeated in full, through another round of litigation, leading, in turn, to another round of appeals. In this case, it is *certification,* not delay, that will relieve the appellate court "of the need to repeatedly familiarize [itself] with the facts of a case." *See Oklahoma Turnpike Auth., supra.*, not to mention the resources saved at the trial court level.

No just reason exists for delaying this appeal because the "balance between the undesirability of more than one appeal," and the "need for making review available in multiple party or multiple claim situations at a time that best serves the needs of the litigants," *Oklahoma Turnpike Authority*, *supra*, requires certification now.

## Conclusion

In this century, public awareness of the continued existence of human trafficking and involuntary servitude has increased dramatically. It is not merely a topic of television dramas, but even of Continuing Education Programs at the Oklahoma Bar Association. But this country's intolerance for involuntary servitude – the so-called "modern form of slavery" – is not new. Section 1 of the Thirteenth Amendment to United States Constitution makes clear that since the Civil War, slavery will not be tolerated anywhere on U.S. soil.

Plaintiffs' brief in opposition to the motion to dismiss demonstrates that the important issue of whether States are immune from the TVPRA has not been addressed by the appellate courts, and strong arguments exist that States are not immune. Plaintiffs ask this court to allow this issue to be resolved without delay, by directing entry of a final

judgment as to its Order dismissing the University, pursuant to the following findings:

1. This is a multi-party action.

2. The Order dismissing the University is a final judgment, as all of the rights and liabilities of the University have been determined, and the University is out of the case entirely.

3. No just reason exists for delaying this appeal, because

    a. the issue to be appealed – Eleventh Amendment immunity – is a legal issue that is entirely different from any factual or legal issue remaining before this Court, thus the Tenth Circuit will not have to decide the same issues more than once even if there is a subsequent appeal;

    b. the burden on the judicial system, and on the parties, that may be created by delaying the appeal is substantial. If the appeal is delayed while the pending claims are tried, and the issue of Eleventh Amendment immunity is later resolved in Plaintiffs' favor, the trial may well be repeated in full through another round of litigation against the University, leading, in turn, to another round of appeals.

    c. the undesirability of more than one appeal is outweighed by the need for making review available in this multiple party situation at a time that best serves the needs of the litigants, by allowing Plaintiffs to have a definitive resolution of their rights against the University.

**RESPECTUFULLY SUBMITTED THIS 19th DAY OF MAY, 2015.**

                                                      s/ George S. Freedman
George S. Freedman, OBA No. 15764
Sarah Rowe Clutts, OBA No. 31208
LESTER, LOVING & DAVIES, P.C.
1701 South Kelly Avenue
Edmond, Oklahoma 73013-3623
(405) 844-9900 - Telephone
(405) 844-9958 – Fax
Email: gfreedman@lldlaw.com
       sclutts@lldlaw.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 19th, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Spencer F. Smith, OBA No. 20430<br>Joshua W. Solberg, OBA No. 22308<br>McAfee & Taft<br>A Professional Corporation<br>Tenth Floor, Two Leadership Square<br>211 N. Robinson Avenue<br>Oklahoma City, Oklahoma 73102<br>Telephone: (405) 235-9621<br>Facsimile: (405) 235-0439<br>Email: spencer.smith@mcafeetaft.com<br>          Joshua.solberg@mcafeetaft.com<br>*Counsel for Pure Protein* | Jason S. Boulette (*PHV*)<br>Steven H. Garrett (*PHV*)<br>Boulette & Golden L.L.P<br>2801 Via Fortuna, Suite 530<br>Austin, Texas 78746<br>Telephone: (512) 732-8901<br>Facsimile: (512) 732-8905<br>Email: jason@boulettegolden.com<br>          steven@boulettegolden.com<br>*Counsel for Pure Protein* |
| Stephen R. Johnson, OBA No. 4724<br>Heidi J. Long, OBA No. 17667<br>James E. Warner III, OBA No. 19593<br>Holladay & Chilton, PLLC<br>204 N. Robinson Ave, Ste 1550<br>Oklahoma City, Oklahoma 73102<br>Telephone: (405) 236-2343<br>Facsimile: (405) 239-2349<br>*Counsel for Defendant Hildebrand* | Shawnae E. Robey, OBA No. 19195<br>Gus H. Buthman, OBA No. 22089<br>Eric A. Moen, OBA No. 31155<br>Office of Legal Counsel<br>University of Oklahoma<br>660 Parrington Oval, Ste 213<br>Norman, Oklahoma 73019<br>Telephone: (405) 325-4124<br>Email: srobey@ou.edu<br>          gbuthman@ou.edu<br>          emoen@ou.ed |

                                        s/ Geroge S. Freeman