**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

DANIJELA MOJSILOVIC, and
ALEKSANDAR MOJSILOVIC,

Plaintiffs,

v.

STATE OF OKLAHOMA ex rel. THE BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA, *et al.*,

Defendants.

Case No. CIV-14-886-R

**UNIVERSITY'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)**

The State of Oklahoma *ex rel*. The Board of Regents of the University of Oklahoma ("University"), a non-party, objects to Plaintiffs' Motion for Entry of Judgment Under Rule 54(b) [Doc. No. 48] on the grounds that the Order of April 3rd [Doc. No. 37] is not a final judgment, and Plaintiffs have failed to meet their burden of establishing that there is no just reason for delay. In support of this objection, University offers the following brief.

I. Partial Judgments Under Rule 54(b) are Disfavored

The issue before this Court is whether it should direct entry of a final judgment in this case pursuant to Rule 54(b). On April 3rd, this Court sustained University's Motion to Dismiss on the grounds that University is immune from suit under the Eleventh Amendment.

Rule 54(b) authorizes the court to enter a final judgment as to fewer than all of the claims or parties to a suit only if the court expressly determines there is no just reason for delay. Fed. R. Civ. P. 54(b). It is settled that, in the context of Rule 54(b), the court should first consider 1) whether a decision is a "final judgment", and 2) whether there is any just reason for delay. *Curtiss-Wright Corp. v General Elec Co.*, 446 US 1, 7-8 (1980). Plaintiffs correctly note that an appellate review of a district court's 54(b) entry of judgment is de novo as to the issue of finality, but the district court's determination as to whether there is a just reason for delay will not be disturbed absent an abuse of discretion. *Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

The moving party bears the burden of establishing that a partial judgment should be entered under Rule 54(b). Baicker-McKee, Janssen & Corr, Federal Rules Civil Handbook 1089, n. 59, citing *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (not followed by the 10th Circuit on other grounds), and *Anthuis v. Colt Industries Operating Corp.*, 971 F.2d 999, 1003 (3rd Cir. 1992). Partial judgments under this rule are disfavored. "Rule 54(b) entries are not to be made routinely...." *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir.1980) (cited with approval in *Livesay v. Shollenbarger*, 19 F.3d 1443, (10th Cir.1994). Indeed, "trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Gas–A–Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir.1973), *Oklahoma Turnpike Authority* at 1242. The power which the Rule

confers upon the trial judge should be used only in infrequent, harsh cases as an instrument for the improved administration of justice. *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 274 (2nd Cir. 1968). Orders under the Rule should not be entered as a courtesy to counsel. *Id.* In fact, even if there is no objection to certification by the parties to the litigation, because the issue is a matter of appellate jurisdiction, it is the duty of the federal court to determine the matter sua sponte. *Oklahoma Turnpike Authority*, at 1241. As explained more fully below, Plaintiffs fail to meet this burden, and therefore their motion should be denied.

II. <u>Order is not a Final Judgment</u>

Plaintiffs request this Court determine that its order is a "final order" as required to meet the first of the two requisite elements for certification under Rule 54. Plaintiffs' argument in support of their contention that the <u>Order</u> ought to be certified is that the litigation is terminated as to University. This interpretation oversimplifies the nature and purpose of Rule 54(b). The order should not be deemed a final order because it is not a full disposition of Plaintiffs' claims, and because it would require the appellate court to take up matters that had not been ruled upon by the district court.

The "finality" of an order for the purposes of Rule 54(b) is not a determination that is made pursuant to a fixed definition, but the principles underlying the concept are examined in depth in *Oklahoma Turnpike Authority*. In that case, the court held that, in order to be final, the order must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action… While the exact definition of a "claim" for purposes of Rule 54(b) is unsettled, . . . a claim is generally understood to include all

factually or legally connected elements of a case. . . Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved." [internal citations omitted] *Oklahoma Turnpike Authority*, at 1242-43.

In *Oklahoma Turnpike Authority*, the claims certified for appeal were limited to claims relating to two discrete tracts of land subject to condemnation. Claims relating to two other discrete tracts remained unadjudicated. Dismissing for lack of appellate jurisdiction, the Tenth Circuit held the claims were all inseparably intertwined and would not result in a final disposition of the claims. In the present case, where all parties are alleged to have violated the Trafficking Victims Protection Reauthorization Act and its state law counterpart, based on a series of events occurring between Plaintiffs, University, and the other named defendants, the same facts and the same laws are at issue for the remaining parties. Even though University will not continue in the litigation, the issues that remain to be adjudicated are inseparable from those underlying the claims against University. Therefore, the likelihood that the Court of Appeals will be tasked with familiarizing itself with the same set of facts and laws to determine whether and to what extent any party to this litigation should be liable for violations of human trafficking laws is very high.

Plaintiffs rely on *National Metalcrafters, Div. of Keystone Consol. Ind. v. McNeil*, 784 F.2d 817 (7th Cir 1985), among others, for the proposition that the termination of litigation as to a party has the effect of rendering an order "final." In each of these opinions, however, the "final judgment" at issue arose from a trial or summary judgment.

That is, the judicial system had adjudicated the legal and factual merits of the claims. In the present case, there has been no determination that Plaintiffs have stated a cognizable claim, much less a judgment on the merits.

Plaintiffs also argue that the only issue to be considered by an appellate court upon entry of a final judgment is whether University is shielded from suit by the Eleventh Amendment. This is inconsistent with recent Tenth Circuit precedent clarifying that only entire claims, not issues within those claims, may be appealed. *Weigel v. Broad*, 544 F.3d 1143, FN 3 (10th Cir. 2008) ("in granting Plaintiffs permission to appeal interlocutorily, the district court necessarily certified for appeal the entire Section 1983 claim, the validity of which is part of the qualified immunity analysis."). This rationale underscores the problematic policy ramifications of permitting Rule 54(b) appeals from dismissals at the earliest stages of litigation, such as pursuant to a motion under Rule 12. In the current case, there are still a number of challenges this Court has not considered it necessary to decide because the Eleventh Amendment barred the suit. It is commonplace and an appropriate exercise of judicial economy that a district court should not have to determine each and every legal challenge presented when it determines one to be dispositive. The Eighth Circuit, consistent with the Tenth Circuit's ruling in *Weigel*, supra, has rejected appeals for lack of finality when the lower court has not entered judgment as to each one of the defenses associated with a claim. *In re Lull,* 52 F3d 787, (8th Cir. 1995) (court did not rule as to each defense raised in summary judgment, and thus did not meet requirements for "finality").

III. Plaintiffs fail to establish that there is no just reason for delay

Even if the Court were to determine that the dismissal represents a final judgment, it should decline to enter a 54(b) judgment because Plaintiffs have not offered any reason that immediate appeal is warranted in this case. A number of factors should be considered in reaching the determination, such as the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the district court; the possibility that the reviewing court might be obliged to consider the same issue a second time; and miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expenses and the like. *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986); *General Acquisition v. GenCorp*, 23 F.3d 1022, 1030 (6th Cir. 1994). When the adjudicated and pending claims are closely related and stem from essentially the same factual allegations, judicial economy is best served by delaying an appeal until all issues can be confronted by the court in a single unified package. *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986).

In the present case, the majority of factors weigh against immediate appeal. First, the claims against the University are resolved only to the extent that the University is protected by Eleventh Amendment immunity.[1] In its Order of April 3rd, the Court stated "Defendant raises a number of challenges to Plaintiffs' claims, only one of which is

[1] Although, in their brief, Plaintiffs reference 10th Circuit cases where immunity is at issue and certification for appeal has been successful, those cases are silent as to the reasons for Rule 54(b), and they are not examined here.

addressed here." (Doc. 37, pp. 1-2). Further, although Plaintiffs have conceded in the briefs that University is immune from suit in federal court for various state law claims, there has been no express amendment or formal memorialization of this position. In addition, the claims that remain against codefendants in the suit will necessarily involve the same set of facts and the same legal analysis as the claim against University, although University's defenses may differ somewhat from the other litigants. There is a high likelihood that the need for appeal could be mooted by the district court, since litigation is only in the earliest stages and it is possible the entire action may be dismissed as a result of a Rule 56 motion, or even on an as-yet-undetermined basis under Rule 12. On balance, the factors the Court should weigh in this case all point to a determination that any appeal of this case is best preserved to allow all of the issues to be presented to the appellate court as part of a single, unified package.

In *Huggins v. FedEx*, 593 F.3d 853 (8th Cir. 2009), the Eighth Circuit Court of Appeals found the lower court had abused its discretion by allowing a Rule 54(b) final judgment in a typical multi-party case in which some of the parties were dismissed after summary judgment. In so ruling, the court emphasized the importance of the policy against permitting appeals in routine matters, quoting verbatim from its prevailing opinion as to interlocutory appeals:

> This is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss. It is always true in such cases that there is a risk of having two trials. If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress. The converse, of course, is that

> permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances. No special circumstances exist in this case to indicate that the legislative weighing of costs and benefits that led to the final-judgment rule, a rule, incidentally, that has been the law ever since 1789, Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84, should not be respected here.

*Huggins*, citing *Bullock v. Baptist memorial Hospital*, 817 F.2d 58, 60 (8th Cir. 1987).

In this case, where University has been dismissed under Rule 12, not Rule 56, the *Bullock* and *Higgins* rationale is directly on point. Judicial economy is not served by allowing an appeal in this case. To the contrary, if litigants were routinely permitted to appeal each Eleventh Amendment dismissal to the Court of Appeals at the earliest point in litigation, there would be very little incentive for a litigant to try to tailor the litigation more narrowly. The burden of defending at the appellate level would fall on the party that had been dismissed, and have the unlikely result that the state's Constitutional protection against suit would necessarily render it subject to greater judicial review than parties who do not enjoy immunity. Like *Bullock* and *Higgins*, there is simply nothing about this case that represents a significant departure from any other garden-variety multiparty case. Therefore, University urges this Court to decline to certify the Order for immediate appellate review.

## Conclusion

Rule 54(b) certifications are generally disfavored. It is the moving party's burden to establish that one ought to be entered. Such an order may, however, be entered upon the district court's express determination that 1) the order is a final judgment, and 2) there is no just reason for delay. The finality requirement is a common-sense measure that is

important to protect judicial economy. In this case, where the only issue that has been decided by the trial court is the University's entitlement to Eleventh Amendment Immunity, there is a significant risk that, even if Plaintiffs are afforded the relief they seek through the appellate courts, other defenses asserted and not yet determined could terminate the litigation against University without regard to the Eleventh Amendment and result in an additional appeal. This runs counter to the courts' policy against clogging up the appellate courts and is not helpful to the litigants. Therefore, the decision is not final and the matter is not appropriate for appeal. Furthermore, Plaintiffs fail to identify any reason that the interests of justice might be furthered by certifying the appeal now, rather than as a part of a unified package at the appropriate time. Therefore, University respectfully urges the court to deny Plaintiffs' motion.

        Respectfully submitted,

        s/Heather N. Hendricks
        Gus H. Buthman, OBA No. 22089
        Heather N. Hendricks, OBA No. 20996
        Shawnae E. Robey, OBA #19195
        Eric A. Moen, OBA # 31155
        Office of Legal Counsel
        University of Oklahoma
        660 Parrington Oval, Suite 213
        Norman, Oklahoma 73019
        Telephone: (405) 325-4124
        Facsimile: (405) 325-7681
        gbuthman@ou.edu
        hhendricks@ou.edu

*Attorneys for the State of Oklahoma ex rel. Board of Regents of the University of Oklahoma*


**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

George S. Freedman
Sarah Rowe Clutts
Lester, Loving & Davies, P.C.
1701 South Kelly Avenue
Edmond, OK 73013

*Attorneys for Plaintiffs*

Jason S. Boulette
Steven H. Garrett
Boulette & Golden LLP
2801 Via Fortuna, Suite 530
Austin, TX 78746

*Attorneys for Defendant, Pure Protein LLC*

Joshua W. Solberg
Spencer F. Smith
McAfee & Taft
211 N. Robinson Ave., 10th Floor
Oklahoma City, OK 73102

*Attorneys for Defendant, Pure Protein LLC*

James E. Warner, III
Stephen R. Johnson
Holladay Chilton & DeGiusti
204 N. Robinson Ave., Suite 1550
Oklahoma City, OK 73102

*Attorneys for Defendant, William Hildebrand*

s/Heather N. Hendricks
Heather N. Hendricks