**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) DANIJELA MOJSILOVIC, and | ) | |
| (2) ALEKSANDAR MOJSILOVIC, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-886-R |
| | ) | |
| (1) STATE OF OKLAHOMA ex rel. THE | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| UNIVERSITY OF OKLAHOMA; | ) | |
| (2) PURE PROTEIN, LLC., a domestic | ) | |
| limited liability company, and | ) | |
| (3) WILLIAM HILDEBRAND, an individual. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFFS' REPLY TO UNIVERSITY'S RESPONSE TO PLAINTIFFS'**
**MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)**

The Court's April 3, 2015, Order (Dkt. #38) disposed of all claims against Defendant, the State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma ("University"). The University offers no valid legal basis preventing the Court from exercising its discretion to allow Plaintiffs to pursue an appeal of the Court's determination the Eleventh Amendment provides immunity for the University to engage in human trafficking. It is a final order under Rule 54(b) and there is no just reason for delaying the appeal.

**The Court's April 3, 2015, Order is "final," as to the University.**

The United States Supreme Court clearly set out the standard for determining whether an order disposing of some of the parties or claims is "final" for purposes of Rule

54(b). *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980) (A decision is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'") (citation omitted). The Court clearly disposed of all of Plaintiffs' claims against the University, in its April 3, 2015, Order (Dkt. #38).

Ignoring the United States Supreme Court authority, the University argues this Court's Order is not final because "there are still a number of challenges this Court has not considered it necessary to decide because the Eleventh Amendment barred the suit." (Dkt. #53, pg. 5). The University, however, fails to offer any authority standing for the proposition the University asserts. None of the three cases the University cites challenged the finality of an order that disposed of *all claims* against a specific defendant in a multi-defendant case.

*Oklahoma Turnpike Authority v. Burner*, 259 F.3d 1236 (10th Cir. 2001), cited by the University, involved a condemnation action in which a widow sought to have her interest established in four tracks of land (only two of which were part of the condemnation) as against the parents of her deceased husband. She alleged the tracks were held in a constructive trust by the parents for the benefit of the son (whose interest passed to the widow upon his death). The district court initially determined it did not have jurisdiction to determine ownership of the two tracts not included in the condemnation. With respect to the two tracts within the condemnation, the trial court dismissed the widow's claims because the tracts were restricted Indian land and could not be held in constructive trust. 259 F.3d at 1239-40.

The trial court later reversed its position regarding jurisdiction on the two tracts outside of the condemnation proceeding, but did not reach a finding on the merits of the widow's constructive trust claim. The parties then jointly asked the trial court to certify an *interlocutory appeal* of the decision regarding the two condemnation tracts, which the trial court would then use to determine the fate of the other two tracts. *Id.* at 1241. The Tenth Circuit determined that because the claims involving all four tracts were so "intertwined," the Rule 54(b) finality element was not met. *Id.* at 1242-43.

*Oklahoma Turnpike Authority* offers no guidance to the circumstances here. This Court's Order disposes of **all** causes of action between the University and Plaintiffs. Nothing is left in the case that is "intertwined" between Plaintiffs and the University. Moreover, none of the remaining Defendants (Hildebrand in his individual capacity and Pure Protein) can assert Eleventh Amendment immunity. That defense cannot possibly be "intertwined" with any issue related to the remaining defendants.

The University's citation to *Weigel v. Broad*, 544 F.3d 1143 (10th Cir. 2008), is even more curious. In *Weigel*, the plaintiff alleged he was the victim of excessive force by state troopers. The trial court granted summary judgment, holding that although fact questions existed whether a constitutional violation occurred, the troopers were entitled to qualified immunity because plaintiff could not meet the test overcoming qualified immunity, (that the troopers' conduct was objectively unreasonable). The trial court denied summary judgment on the state law violations because "the standard for qualified immunity under Wyoming law is less stringent." The trial court then certified an interlocutory appeal of the

federal claims under Rule 54(b), and stayed the case pending the outcome of the appeal. *Weigel*, 544 F.3d at 1147.

In relying on *Weigel*, the University fails to mention that **the Tenth Circuit never questioned the validity of the trial courts' Rule 54(b) certification and finality determination.** Instead, the University cites footnote 3 of the majority opinion for the proposition that appeals from "the earliest stages of litigation, such as pursuant to a motion under Rule 12" are "problematic." (Dkt. #53, pg. 5). Footnote 3 says no such thing and does not even imply such a finding. The footnote simply addressed the *Weigel* plaintiff's argument that the Tenth Circuit does not have jurisdiction to hear the troopers' counter-appeal that the trial court's finding regarding a constitutional violation was error. The Circuit Court pointed out that Rule 54(b) "provides for appeal of an entire claim, not certain issues within a claim." *Id.* at 1151, fn. 3. No analogous circumstances are present here. The University does not contend it has any issue to raise on a counter-appeal, nor could it, because the only finding in the Court's Order was that the University was entitled to Eleventh Amendment immunity.

Finally, the University cites *In re Lull*, 52 F.3d 787 (8th Cir. 1995), for the proposition that, "consistent with the Tenth Circuit's ruling in *Weigel*,"[1] finality is not reached "when the lower court has not entered judgment as to each one of the defenses associated with a claim." (Dkt. #53, pg. 5). The University has misstated the holding in

---

[1] The Eighth Circuit could not, as the University suggests, have cited *Weigel* in *In re Lull*, because *Weigel* was decided in 2008, while *In re Lull* was decided thirteen years earlier, in 1995.

4

*Lull*.[2] *Lull* was an adversary bankruptcy proceeding in which the bankruptcy court certified an appeal of two of eight counts alleged by the trustee (plaintiff) against a single defendant. On the two counts certified for appeal, the trial court granted summary judgment **for the plaintiff** without considering all of the asserted defenses on those two counts. Thus, the Eighth Circuit determined the summary judgment order was not final, holding, "the district court did not finally dispose of counts I and II, and entry of a Rule 54(b) judgment was improper." *In re Lull*, 52 F.3d at 788-89.

Again, the procedural situation here is entirely different from that in *In re Lull*. University argues *In re Lull* stands for the proposition that this Court must enter a ruling on all defenses asserted by the University in order for the order to be final for Rule 54(b) purposes, even though the Court has found one of the defenses, Eleventh Amendment immunity, to be dispositive as to all of Plaintiffs' claims. If that were true, finality could never be reached as to the University, because no opportunity exists for this Court to address any other of the University's defenses. *In re Lull* simply finds that the summary judgment ruling in favor of the plaintiff in that case was not final until the trial court had considered *all* of the defendant's defenses.

This Court's dismissal of the University based on Eleventh Amendment immunity is a final order as between the Plaintiffs and the University.

---

[2] Notably, the University does not quote *Lull* in any respect and does not even offer a page number as a reference for the proposition argued.

## The University offers no just reason for delay.

To enter a Rule 54(b) judgment, this Court must expressly find and articulate the reasons that "there is no just reason for delay." The issue depends upon "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Stommel v. LNV Corp.*, 2015 WL 1915566, *2, 2015 U.S. Dist. LEXIS 55009, *4 (D. Utah 2015), citing *Curtiss-Wright Corp.*, 446 U.S. at 8. In making this decision, appellate courts ask trial courts to "strike a balance between the undesirability of more than one appeal" and the "need for making review available in multiple party or multiple claim situations at a time that best serves the needs of the litigation." *Oklahoma Turnpike Authority*, 259 F.3d at 1241 (citations omitted). Rule 54(b) certification is appropriate "if there exists some danger or hardship or injustice through delay which would be alleviated by immediate appeal." *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008), quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (per curium).

The cases the University cites for its argument there is a just reason for delay generally found that none of the parties would be prejudiced by a delayed appeal. *See Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1284 (6th Cir. 1986) ("[A] delayed appeal on the indemnity question would not have presented the danger of undue prejudice, hardship, or injustice to any of the parties."); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986) ("[P]ostponement of appeal until the remaining claims have been adjudicated presents no danger of prejudice, hardship or injustice to any of the parties."); and *Huggins v. FedEx Ground Package Sys.*, 566 F.3d 771,  (8th Cir. 2009)

("[N]either the district court nor movants have directed our attention to such a danger [of hardship or injustice through delay] and none is apparent from the record.").

Such is not the case here. In the present posture of this case, the Court has determined all three Defendants (University, Pure Protein and Hildebrand) are joint employers "given Plaintiffs' allegations regarding Defendant Hildebrand and his unique position relative to the University and Defendant Pure Protein[.]" (Dkt. # 41, pgs. 4-5). The Court dismissed the University solely on Eleventh Amendment immunity grounds. The result of these two findings is that Plaintiffs will be prejudiced in the upcoming trial against the remaining defendants, as well as any future trial of the University. In the first trial, Plaintiffs will proceed on their TVPRA claims against only two of their three employers. Plaintiffs will then be forced to appeal the University's immunity, and if the appeal is successful, Plaintiffs will have to try the case a second time against only one of their three employers. In either trial, the sitting Defendants will be allowed to point to the "empty chair" to attempt to convince the jury the sitting Defendants are not responsible for Plaintiffs harm.

Unlike the cases the University cites, Plaintiffs will suffer a real – but avoidable – prejudice if an immediate appeal is not granted. An immediate appeal of Eleventh Amendment immunity will allow a single trial on all issues against all Defendants. A delayed appeal will result in increased chances for multiple trials against less than all Defendants, inconsistent jury verdicts and forcing Plaintiffs to defend the "empty chair" argument.

Finally, this matter is not a "garden-variety multiparty case," as the University states, on page 8. (Dkt. #53). Aside from the joint employer problem, this appeal presents a novel Constitutional question. Title 28, U.S.C. § 1292(b) "allows an interlocutory appeal" in cases that involve "'a controlling question of law' on which there is 'substantial ground for difference of opinion' and that 'an immediate appeal from the order may advance the ultimate termination of the litigation[.]'" *Huggins*, 566 F.3d at 775.[3] None of the parties or the Court cited a case in which a court has considered whether a State is immune from the TVPRA's prohibition against human trafficking.

Presentation of the unique Eleventh Amendment immunity arguments at this stage of the litigation will "advance the ultimate termination of the litigation" and avoid prejudice to the parties and the Court of multiple trials with potentially inconsistent verdicts.

**RESPECTUFULLY SUBMITTED THIS 17ᵗʰ DAY OF JUNE, 2015.**

s/ George S. Freedman
George S. Freedman, OBA No. 15764
Sarah Rowe Clutts, OBA No. 31208
LESTER, LOVING & DAVIES, P.C.
1701 South Kelly Avenue
Edmond, Oklahoma 73013-3623
(405) 844-9900 - Telephone
(405) 844-9958 – Fax
Email: gfreedman@lldlaw.com
     sclutts@lldlaw.com

---

[3] Section 1292(b) is an alternative to Rule 54(b). Although the statutory language is different, as are the factors for certification, *Huggins* nevertheless found the comparison useful.

## CERTIFICATE OF SERVICE

I hereby certify that on June 17th, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Spencer F. Smith, OBA No. 20430
Joshua W. Solberg, OBA No. 22308
McAfee & Taft
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
Email: spencer.smith@mcafeetaft.com
        Joshua.solberg@mcafeetaft.com
*Counsel for Pure Protein*

Jason S. Boulette (*PHV*)
Steven H. Garrett (*PHV*)
Boulette & Golden L.L.P
2801 Via Fortuna, Suite 530
Austin, Texas 78746
Telephone: (512) 732-8901
Facsimile: (512) 732-8905
Email: jason@boulettegolden.com
        steven@boulettegolden.com
*Counsel for Pure Protein*

Stephen R. Johnson, OBA No. 4724
Heidi J. Long, OBA No. 17667
James E. Warner III, OBA No. 19593
Holladay & Chilton, PLLC
204 N. Robinson Ave, Ste 1550
Oklahoma City, Oklahoma 73102
Telephone: (405) 236-2343
Facsimile: (405) 239-2349
*Counsel for Defendant Hildebrand*

Shawnae E. Robey, OBA No. 19195
Heather N. Hendricks, OBA No. 20996
Gus H. Buthman, OBA No. 22089
Eric A. Moen, OBA No. 31155
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Ste 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Email: srobey@ou.edu
        gbuthman@ou.edu
        emoen@ou.ed
*Counsel for University of Oklahoma*

s/ Geroge S. Freeman