# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIJELA MOJSILOVIC and ALEKSANDAR MOJSILOVIC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIV-14-886-R ) |
| STATE OF OKLAHOMA ex rel. THE BOARD OF REGENTS FOR THE UNIVERSITY OF OKLAHOMA, *et al.*, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiffs filed a Motion for Entry of Judgment Under Rule 54(b), requesting that the Court direct entry of a final judgment with respect to a prior order dismissing claims against the Defendant, State of Oklahoma *ex rel.* the Board of Regents for the University of Oklahoma. (Doc. No. 48). The University of Oklahoma responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

By Order dated April 3, 2015, the Court concluded the University was entitled to Eleventh Amendment immunity and dismissed Plaintiffs' claims against it. There are no remaining claims against this Defendant, although the case continues against Defendants Hildebrand and Pure Protein. Plaintiffs request the Court to enter judgment against the University so as to permit appeal of the Court's April 3, 2015 Order without awaiting entry of final judgment in this matter.

When an action presents more than one claim for relief . . . or when multiple

parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determine that there is no just reason for delay.

Fed.R.Civ.P. 54(b). "Rule 54(b) relaxes 'the former general practice that, in multiple claims actions, all the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them.'" *Gelboim v. Bank of America Corp.*, --- U.S. ---, 135 S.Ct. 897, 902 (2015)(quoting Sears*, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)).

Defendant argues appeal of this matter should await conclusion of the litigation as to all parties. The Court disagrees. The decision dismissing the State of Oklahoma *ex rel* the Board of Regents of the University of Oklahoma was premised entirely on Defendant's entitlement to Eleventh Amendment immunity. This decision removed the Defendant from this case entirely, as it noted in its response to the motion, referring to itself as "non-party." This is precisely the situation envisioned by Rule 54(b). In *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250 (10th Cir. 2007), the district court dismissed the Grand River Dam Authority, concluding it was a state agency entitled to Eleventh Amendment immunity. The Tenth Circuit noted:

> The district court entered a Fed.R.Civ.P. 54(b) certification order concluding no reason exists to delay appellate review of its final judgment dismissing a single party, the GRDA, from this lawsuit. We, therefore, have appellate jurisdiction under 28 U.S.C. § 1291.

*Id.* at 1252 n. 1. In short, the Court agrees with Plaintiffs' contention that there is no just reason in this case to delay the appeal of the April 3, 2015 Order pending the outcome of the

merits of the claims against the remaining co-defendants and therefore Plaintiffs' motion is granted and judgment shall be entered accordingly with regard to the State of Oklahoma ex rel. the Board of Regents for the University of Oklahoma.

IT IS SO ORDERED this 5th day of August, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE